UNTED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY a/k/a CNA a/s/o PATAGONIA ORGANICS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SEALAND SERVICES INC., a division of Maersk, Inc., MAERSK, INC., M/V Hannah Schulte V.1602, her engines, boilers, M/V Hansa Australia V.1610, her engines, boilers, etc., M/V Severing Maersk V. 1602, her engines, boilers, etc., M/V Frisia Rotterdam V.1606, her engines, boilers, etc., and JD & LA TRUCKING, INC., and XYZ Corp.,<br><br>Defendants. | Civil Action No.  17-civ-405<br><br>**COMPLAINT** |

-----------------------------------------------------------------x

Plaintiff, CONTINENTAL CASUALTY COMPANY a/k/a CNA a/s/o PATAGONIA ORGANICS, LLC, by way of Complaint against the defendants, and each of them, says:

## JURISDICTION AND VENUE

1. This action seeks recovery of a claim for damaged and/or loss of freight in transit, which is cognizable as an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and involves application of 46 U.S.C. § 30701 - the Carriage of Goods by Sea Act ("COGSA"), and as such this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question).

2. This court further has subject matter jurisdiction over this matter pursuant to 28

U.S.C. § 1337, as this action involves the liability of a motor carrier under 49 U.S.C. § 14706 (the "Carmack Amendment") and the amount in controversy exceeds $10,000, exclusive of interest and costs.

3. Venue is proper in the United States District Court for District of New York, pursuant to **Paragraph 27** of the Terms and Conditions of the Bill of Lading of the defendant, **SEALAND SERVICES, INC.**

4. Venue is otherwise proper in the United States District Court, Southern District of New York, since the defendants regularly and systematically conducted business within the State of New York and/or contracted to supply goods or services within the State of New York such that valid service of process was or could have been made on the defendants in this district.

## THE PARTIES

5. At all times hereinafter mentioned, the Plaintiff, CONTINENTAL CASUALTY COMPANY a/k/a CNA (hereinafter "CNA") is a corporation, providing insurance products and services, with its principal place of business in Chicago, Illinois and doing business at 125 Broad Street, New York, NY 10004, did insure Patagonia Organics, LLC, and is now subrogated to its rights, title, and interest, by reason of its payment of Patagonia Organics, LLC's claim, resulting from the facts asserted herein.

6. Upon information and belief, and at and during all times hereinafter mentioned, defendant, SEALAND SERVICES, INC., a division of MAERSK, INC., has a principal place of business at 2801 SW 149th Avenue, Huntington Centre, Suite 400, Miramar, Florida, 330127, and is engaged in the business of interstate transportation of goods by ocean and motor carrier, and is a common carrier, freight forwarder and/or non-vessel operating common carrier (NVOCC) of goods for hire.

7. Upon information and belief, and at and during all times hereinafter mentioned, defendant, MAERSK, INC., has a principal place of business at 180 Park Ave, Florham Park, NJ 07932, and is engaged in the business of interstate transportation of goods by ocean and motor carrier, and is a common carrier, freight forwarder and/or non-vessel operating common carrier (NVOCC) of goods for hire.

8. Upon information and belief, defendant, JD & LA TRUCKING, INC., is a motor carrier located in Wilmington, California authorized, under MC No. 529361 of the Federal Motor Carrier Safety Administration, to transport property in interstate commerce throughout the 48 contiguous States.

9. Upon information and belief, at and during all times hereinafter mentioned, XYZ Corp. was either an ocean carrier, surface carrier, NVOCC, freight forwarder, and otherwise handled, carried or transported the goods, which are the subject of this lawsuit.

## COUNT ONE
### (Breach of Contract of Carriage
### As to SeaLand's Bill of Lading No. SLD112788)

10. On or before **January 23, 2016**, plaintiff's insured, Patagonia Organics, LLC contracted with the defendants, and each of them, to transport 5,040 boxes of fresh organic mangoes, from Chiclayo, Peru to plaintiff's insureds premises, Patagonia Organics, LLC located in Wayne Pennsylvania.

11. On or before **January 23, 2016**, and while in transit or in possession of the defendants and each of them, the food product, transported by defendants and each of them sustained loss or damage.

12. The shipment at issue was tendered to defendants in good order and condition, under

**SeaLand's Bill of Lading No. SLD112788.**

13. Defendant failed to deliver the shipment at issue in good order and condition at destination, in breach of the contracts of carriage for the shipment.

14. As a result of defendant's breach of the contracts of carriage, plaintiffs have sustained actual damages in the amount of **$38,984.00.**

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, for damages, together with interest, costs of suit, and attorney's fees.

## COUNT TWO
### (Breach of Contract of Carriage As to SeaLand's Bill of Lading No. SDL125359)

15. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 14 as if fully set forth herein.

16. On or before **February 29, 2016**, plaintiff's insured, Patagonia Organics, LLC contracted with the defendants, and each of them, to transport, 5040 boxes of fresh organic mangoes, from Chiclayo, Peru to plaintiff's insureds premises, Patagonia Organics, LLC located in Wayne Pennsylvania.

17. On or before **February 29, 2016**, and while in transit or in possession of the defendants and each of them, the food product, transported by defendants and each of them sustained loss or damage

18. The shipment at issue was tendered to defendants in good order and condition, under **SeaLand's Bill of Lading No. SDL125359.**

19. Defendant failed to deliver the shipment at issue in good order and condition at

destination, in breach of the contracts of carriage for the shipment.

20. As a result of defendant's breach of the contracts of carriage, plaintiffs have sustained actual damages in the amount of **$38,984.00**.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, for damages, together with interest, costs of suit, and attorney's fees.

## COUNT THREE
### (Carriage Of Goods by Sea Act)

21. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff and defendants entered into a contract for ocean carriage pursuant to 46 U.S.C. § 30701, the *Carriage of Goods by Sea Act* (hereinafter COGSA).

23. Defendants and each of them breached their contract for ocean carriage by failing to deliver the shipment in good order and condition and, as a result of which, plaintiffs merchandise was greatly depreciated in value and plaintiff lost the use of same, for which it claims damages.

24. As a result of defendants' conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages as carriers, NVOCCs, and/or freight forwarders pursuant to COGSA, together with interest thereon from the date the shipment was delivered or scheduled to be delivered.

## COUNT FOUR
### (Carmack)
### (As to defendant, JD & LA TRUCKING, INC.)

25. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 24 as if fully set forth herein.

26.     Plaintiff and defendants entered into a contract for motor carriage pursuant to 49 U.S.C. § 14706 (the "Carmack Amendment").

27.     Defendants and each of them breached their contract for motor carriage by failing to deliver the shipment in good order and condition and, as a result of which, plaintiff's merchandise was greatly depreciated in value and plaintiff lost the use of same, for which it claims damages.

28.     As a result of defendants' conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages as carriers and/or freight forwarders pursuant to the Carmack Amendment, together with interest thereon from the date the shipment was delivered or scheduled to be delivered.

WHEREFORE, plaintiff, CONTINENTAL CASUALTY COMPANY a/k/a CNA a/s/o PATAGONIA ORGANICS, LLC demands judgment against defendants, SEALAND SERVICES, INC., a division of Maersk, Inc., MAERSK, INC., M/V Hannah Schulte V.1602, her engines, boilers, M/V Hansa Australia V.1610, her engines, boilers, etc., M/V Severing Maersk V. 1602, her engines, boilers, etc., M/V Frisia Rotterdam V.1606, her engines, boilers, etc., JD & LA TRUCKING, INC. and ABC Corp. and XYZ Corp., jointly and severally, on each count of the complaint, in the amount of $39,984.00 for each count, together with pre-judgment and post-judgment interest thereon, an award of reasonable attorney's fees, and costs of suit to be taxed against defendants and for such other and further relief as this court may deem just and proper in this matter.

Dated: January 19, 2017           By: _____
                                   Gerard F. Smith, Esq.
                                   PEZOLD SMITH HIRSCHMANN & SELVAGGIO, LLC
                                   One Broadway, Suite 201
                                   Denville, New Jersey 07834
                                   (973) 586-6700
                                   *Attorneys for Plaintiff*